UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SURGERY CENTER OF VIERA, LLC,

    Plaintiff,

v.                                                 Case No. 6:20-cv-152-Orl-37EJK

CIGNA HEALTH AND LIFE
INSURANCE COMPANY, INC.; HOME
DEPOT MEDICAL AND DENTAL
PLAN; and HOME DEPOT, USA INC.,

    Defendants.

## ORDER

Before the Court is Defendants' motion to dismiss Plaintiff Surgery Center of Viera, LLC 's ("**SCV**") Complaint (Doc. 1). (Doc. 16 ("**Motion**").) SCV opposes. (Doc. 25.) On review, the Court will grant the Motion in part and dismiss SCV's claims as preempted by the Employee Retirement Income Security Act ("**ERISA**") but it will give leave to amend some claims.

### I.    BACKGROUND[1]

SCV is a medical provider in Florida. (Doc. 1, ¶ 2.) Defendant Home Depot Medical and Dental Plan ("**Plan**") is a self-funded employee benefit plan.[2] (*See* Doc. 1,

---

[1] These facts are presented in the light most favorable to SCV with factual allegations in the Complaint taken as true. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

[2] The parties agree the plan is subject to ERISA. (*See* Doc. 1, ¶¶ 4, n.2, 22; Doc. 16, p. 5 n. 2; Doc. 25, pp. 1–2, 4–8.)

¶¶ 4, n.2, 22; Doc. 1-4, pp. 45, 64). Defendant Home Depot USA, Inc. administers and sponsors the plan (Doc. 1, ¶ 4), while Defendant Cigna Health and Life Insurance Company, Inc. ("**Cigna**") handles the claim processing. (*See, e.g., id.* ¶¶ 10–12.)

D.B. was insured by the Plan, which was governed by the Plan's insurance contract ("**Plan contract**"). (*Id.* ¶ 8; *see also id.* ¶ 25, 25 n. 4; Docs. 1-1 to 1-4.) The Plan covers hospital care, outpatient services, and surgery. (Doc. 1 ¶ 22.) D.B., who suffered from chronic back pain, went to SCV for surgery. (*Id.* ¶ 9.) After, SCV billed Cigna $396,347 — but Cigna refused to pay the full amount, claiming the allowable cost of the surgery was only $75,847.88. (*Id.* ¶¶ 10–11.) Cigna reduced some costs based on their facility bill review program while others were denied because the surgery was considered experimental or not medically necessary;[3] it did not explain other cost denials. (*Id.* ¶¶ 12–13, 18–20.) Defendants breached the Plan contract by not covering these costs and by refusing SCV's requests for documentation and information on the denials and underpayment. (*Id.* ¶¶ 23–25.) Defendants' later denials of SCV's appeals also breached the Plan contract. (*Id.* ¶¶ 28–29.) Under the re-pricing agreement developed by Cigna to which SCV agreed ("**Provider Agreement**"),[4] SCV claims it is entitled to $209,087.72 from Cigna, at a minimum — although SCV says other re-pricing mechanisms, including using

---

[3] SCV is foregoing recovery on costs denied for lack of medical necessity. (*See id.* ¶ 20.)

[4] It's unclear if Cigna or other Defendants are bound by the Provider Agreement — only SCV and MultiPlan are signatories and only a vague, tangential connection between Cigna and MultiPlan is alleged. (*See id.* ¶¶ 33, 39; Doc. 1-5.) MultiPlan is an independent organization that Cigna uses to establish fee schedules. (Doc. 1, ¶ 26.)

publicly available databases and regional rates, would be "fair game" given Defendants' breaches of the Plan contract. (*Id.* ¶¶ 33–34, 34 n.7; *see also* Doc. 1-5.)

SCV sued for breach of contract, unjust enrichment, quantum meruit, and violations of Florida Statute § 627.64194. (Doc. 1, ¶¶ 36–69.) Defendants move to dismiss the Complaint. (Doc. 16.) With Plaintiff's response (Doc. 25), the matter is ripe.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.    ANALYSIS

Defendants move to dismiss the Complaint, arguing the claims are preempted by ERISA.[5] (Doc. 16.) Let's first discusses ERISA's preemption scheme before addressing Defendants' arguments.

### A.    ERISA Preemption

There are two types of ERISA preemption: complete preemption or super preemption; and defensive preemption or conflict preemption. *Butero v. Royal Maccabees*

---

[5] Because the Court finds the claims, as pled, are preempted, the Court will not reach Defendants' other arguments. (*See* Doc. 16, pp. 15–18.)

*Life Ins. Co.*, 174 F.3d 1207, 1211–12 (11th Cir. 1999); *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009) [hereinafter *Anthem*].

Complete preemption "arises from Congress's creation of a comprehensive remedial scheme" under 29 USC § 1132 for adjudicating employee benefit rights under ERISA plans. *Butero*, 174 F.3d at 1211. Claims completely preempted by ERISA fall under federal question jurisdiction—even if only state common law claims are asserted. *See Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). It is a judicially recognized exception to the well-pleaded complaint rule. *Anthem*, 591 F.3d at 1344. Defensive preemption, on the other hand, is not jurisdictional and cannot serve as a basis for removal. *Id.* It originates in ERISA's express preemption provision under 29 U.S.C. § 1144(a) and is an affirmative defense for any state law claim. *Id.*; *Butero*, 174 F.3d at 1212.

This case was filed in federal court based on diversity jurisdiction—so the Court need not decide if the claims are completely preempted. (*See* Doc. 1, ¶ 5.) Instead, in their Motion, Defendants assert defensive preemption, arguing SCV's claims "relate to" an ERISA plan. (Doc. 16, pp. 5–12.) SCV contends there isn't preemption here, noting recent case law has established a critical distinction between "right of payment" versus "rate of payment" cases. (Doc. 25, pp. 4–8.) SCV argues if a provider and insurance company dispute *how much* the insurance company owes the provider, as opposed to whether it owes any money at all, it is considered a "rate of payment dispute" and is *not* preempted by ERISA. (*Id.*) Only cases where the right to payment is disputed are preempted. (*Id.*)

And SCV argues this is a rate of payment case. (*Id.*)

This argument is a bait-and-switch. True—recent case law has established the rate/right distinction, but only in *complete* preemption cases where the issue was subject matter jurisdiction. *See Anthem*, 591 F.3d at 1344–50; *Borrero*, 610 F.3d at 1301. Something SCV takes pains to obscure. (*See* Doc. 25, p. 7 (quoting *Gables* as "Only 'right of payment' disputes are subject to . . . preemption")); *cf. Gables Ins. Recovery, Inc. v. United Healthcare Ins. Co.*, No. 13-21137-CIV-KING, 2013 WL 12141255, at *2 (S.D. Fla. May 22, 2013) (full quote: "Only 'right of payment' disputes are subject to **complete** preemption") (emphasis added)). This "hide the ball" selective editing invites the Court into error by intentionally conflating the jurisdictional analysis necessary in removal cases with the "related to" analysis appropriately applied to defensive preemption claims.

The existence of defensive preemption is "separate and distinct" from complete preemption. *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). The sources of complete versus defensive preemption are different sections of ERISA. *See Butero*, 174 F.3d at 1211–12. And while each can inform the other's analysis, "complete preemption is not *dependent* on the existence of defensive preemption," and vice versa. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 n. 14 (11th Cir. 2005) (emphasis in original). Complete preemption, from which SCV took the right/rate test, is narrower than defensive ERISA preemption, "which broadly supersedes any and all State laws insofar as they *relate to* any ERISA plan." *Id.* at 1281 (quotation marks and citation omitted) (emphasis in original); *see also Johnson v. Unum Provident*, 363 F. App'x 1, 3 (11th Cir. 2009)

("Even if a claim is not subject to super preemption, it may be subject to 'defensive preemption.'"). In *Anthem*, where the Eleventh Circuit adopted the right/rate distinction, the court specified it was only discussing complete preemption, not defensive preemption, noting the two "are not coextensive." 591 F.3d at 1344. In fact, almost all of SCV's cited authority discusses complete preemption on motions to remand[6]—and SCV does not explain why the standard for complete preemption on remand should apply to defensive preemption on a motion to dismiss. (*See* Doc. 25, pp. 4–8.) Likely because it shouldn't.

The key question in the complete preemption context—from where the right/rate distinction is drawn—differs from that of defensive preemption. In complete preemption remand cases, courts are determining subject matter jurisdiction, asking if the claims could be recast as ERISA civil enforcement claims. *See Butero*, 174 F.3d at 1212; *Anthem*, 591 F.3d at 1344. *Borrero*, which elaborated on *Anthem's* right/rate distinction, explained that for complete preemption, "[u]ltimately, [courts] ask whether the [plaintiff] *could* have

---

[6] SCV's cited cases (Doc. 25, p. 5) are unhelpful because they analyze complete preemption, either explicitly or implicitly: *REVA, Inc. v. HealthKeepers, Inc.*, No. 17-24158-CIV-MORENO, 2018 WL 3323817, at *2 (S.D. Fla. Jul. 6, 2018) (motion to remand); *Emergency Servs. of Zephyrhills, P.A. v. Coventry Health Care of Fla., Inc.*, 281 F. Supp. 3d 1339, 1343 n. 5 (S.D. Fla. 2017) (explaining "this Order does not address whether Plaintiffs' claims . . . are defensively preempted by the ERISA"); *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 371 F. Supp. 3d 1056, 1065 (M.D. Fla. 2019) (explaining "since the propriety of removal is at issue, the analysis concerns only complete preemption" (quotation marks and citation omitted)); *Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc.*, No. 8:18-cv-233-EAK-AAS, 2018 WL 3640405, at *2 (M.D. Fla. July 20, 2018) (motion to remand); *Sarasota Anesthesiologists, P.A. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 19-cv-1518-T-02JSS, 2019 WL 3683796, at *1–2 (M.D. Fla. Aug. 6, 2019) (motion to remand).

brought his claim under ERISA['s civil enforcement provision]." 610 F. 3d at 1303–04 (quotation marks and citation omitted) (emphasis in original). But the question is different for defensive preemption, which springs from express statutory language preempting state laws that "relate to" ERISA. *Butero*, 174 F.3d at 1211, 1215. Defensive preemption "is ultimately a question of congressional intent." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006). The answer is even more telling: the sweep of defensive preemption is broad, "applying *well beyond* those subjects covered by ERISA itself." *Id.* (emphasis added). And, by implication, "well beyond" those claims completely preempted. *See id.*; *Borrero*, 610 F. 3d at 1303–04. So the court's defensive preemption analysis is not limited to the narrow right/rate test and the question remains: are SCV's claims *defensively* preempted. [7]

### B.    Defensive Preemption

SCV asserts four claims against Defendants: breach of contract; unjust enrichment; quantum meruit; and violations of Florida's insurance code, Florida Statute § 627.64194. (Doc. 1.) Defendants argue all the claims are defensively preempted (*see* Doc. 16, pp. 5–11); SCV is silent on this issue (*see* Doc. 25). Defendants are correct.

ERISA's express preemption provision "supersede[s] any and all State laws

---

[7] SCV's reliance on recent Surgery Center cases in the Middle District of Florida is unavailing because they also relied on complete preemption. (Doc. 27); *see also Surgery Center of Viera, LLC v. UnitedHealthCare, Inc.*, No. 6:19-cv-926-Orl-78DCI, Doc. 40, pp. 5–6 (M.D. Fla. Mar. 18, 2020) (relying on *Borrero*, *Anthem*, and *Gables*—all complete preemption cases); *Surgery Center of Viera, LLC v. Meritain Health, Inc.*, No. 6:19-cv-1694-Orl-40LRH, Doc. 22, pp. 14–17 (M.D. Fla. June 1, 2020), *adopted by* Doc. 23 (M.D. Fla. June 16, 2020) (same).

insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). "Relate to" is "given its broad common-sense meaning, such that a state law relates to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *see also Jones*, 457 F.3d at 1179. Claims that "affect relations" among the ERISA entities are preempted. *Jones*, 457 F.3d at 1180. "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997) (citation omitted).

### 1. Counts I through III

First, let's address Counts I through III, which are each based on the Plan subject to ERISA. (*See* Docs. 1, 16, 25.) For breach of contract, SCV alleges D.B. and Defendants entered into the Plan contract, D.B.'s procedures were covered under the Plan contract, and Defendants failed "to pay the monies due and owing under the Plan", thus breaching the agreement.[8] (Doc. 1, ¶¶ 36, 37, 40.) For unjust enrichment, SCV pleads it conferred a direct benefit on Defendants by providing medical care to D.B. he was entitled to under the Plan and Defendants received a windfall because they collected premiums (under the

---

[8] The only other agreement referenced in the Complaint is the Provider Agreement. While payment details of the Plan may depend in part on the Provider Agreement, the breach of contract claim is based on the Plan. (*See* Doc. 1, ¶¶ 36, 37, 40.) In fact, SCV disavows being bound by the pricing in the Provider Agreement. (*See id.* ¶ 37, n.7.) And, as alleged, it is unclear if SCV was a party to the Provider Agreement or bound by it. (*See* Docs. 1, 1-5.)

Plan) but refused to pay. (*Id.* ¶¶ 44–51.) For quantum meruit, SCV alleges there was an implied-in-fact contract for payment of its services by Defendants when SCV provided D.B. with medical services covered by the Plan. (*Id.* ¶¶ 52–60.) Critically, SCV alleges no conduct on the part of Defendants (outside of the Plan) showing they indicated to SCV they would pay for the procedure or any other basis that would entitle SCV to *compensation from Defendants* for D.B.'s medical procedure. (*See* Doc. 1.)

As now pled, to determine if SCV should prevail on Counts I through III, the Court would need to consider the terms of the Plan and the parties' rights under it—was it breached, was D.B. entitled to coverage under its terms, does the Plan entitle SCV to compensation? (Doc. 1, ¶¶ 36, 37, 40, 44, 48, 52.) And so these claims are "related to" and "intertwined" with the ERISA Plan—thus defensively preempted. *See Garren*, 114 F.3d at 187; *Nat'l Renal Alliance, LLC v. Blue Cross & Blue Shield of Ga., Inc.*, 598 F. Supp. 2d 1344, 1359, 1361 (N.D. Ga. 2009); *In re Manage Care Litig.*, 595 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009).

### 2. Medical Providers

SCV's status as a medical provider—as opposed to a plan participant or beneficiary—does change the result. A medical provider's claims based on conduct *independent of an ERISA plan*—for example, because of misrepresentations by the insurance company to the provider that the procedure would be covered—can be too tenuously connected to ERISA to be defensively preempted. *See Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533–34 (1994); *see also In re Manage Care*, 595 F. Supp. 2d at

1357. SCV points to an order by Judge Conway, in another case brought by SCV, where (relying on *Lordmann*) Judge Conway found SCV's claims were not defensively preempted. (Doc. 27; Doc. 27-1, pp. 37–57); *see also Surgery Center of Viera, LLC v. UnitedHealthCare, Inc.*, No. 6:20-cv-24-Orl-22EJK, Doc. 40 pp. 13–14 (M.D. Fla. June 8, 2020). But *UnitedHealthCare* is unhelpful to SCV here as it is distinguishable on the facts. In finding no defensive preemption, Judge Conway explicitly noted SCV had alleged an independent basis for its claims, explaining plaintiff was "alleging that [defendants'] failure to pay for the medical services violate a *completely different and non-ERISA agreement* . . . which is a *completely separate and distinct* agreement from the ERISA plan." *UnitedHealthCare, Inc.*, No. 6:20-cv-24-Orl-22EJK, Doc. 40 at 13–14 (emphasis added). Such is not the case here, where SCV relies on the Plan to state its claims, for example alleging it was the Plan contract that was breached. (*See* Doc. 1, ¶¶ 36–60). These claims—for breach of contract, unjust enrichment, and quantum meruit—"are not the types of claims" *Lordmann* exempted. *See Nat'l Renal*, 598 F. Supp. 2d at 1360.

Counts I through III's relation to the ERISA Plan are not "too tenuous, remote, or peripheral" to be preempted. *See Lordmann*, 32 F.3d at 1533 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21 (1983)). No—at heart, as pled, SCV is "seeking payment for the medical services that were provided based on the patient['s] participation in [an] ERISA plan[]." *Alcalde v. Blue Cross & Blue Shield of Fla., Inc.*, 62 F. Supp. 3d 1360, 1365 (S.D. Fla. 2014); (*see* Doc. 1). So these claims are preempted. *See Garren*, 114 F.3d at 187; *Butero*,

-10-

174 F.3d at 1215 (citing *Pilot Life Ins. Co.*, 481 U.S. at 47–48).[9]

However, since SCV is a medical provider, not a plan beneficiary, and some allegations hint at an independent agreement between SCV and Defendants (the Provider Agreement) and a course of dealing between the two, it may be *possible* for SCV to successfully re-allege some of these claims—so the Court will dismiss without prejudice. *See Lordmann*, 32 F.3d at 1533. The Court cautions SCV however that any re-pled claims must establish a factual basis independent of the Plan contract. *See Alcalde*, 62 F. Supp. 3d at 1365; *In re Manage Care Litig.*, 595 F. Supp. 2d at 1356–57. SCV must plead *facts*, not conclusory legal allegations, showing the Plan's coverage is not in dispute for this case— that the parties' fight lies elsewhere. *See Nat'l Renal*, 598 F. Supp. 2d at 1360. If SCV can do so, the claims may survive ERISA preemption.

### 3. Count IV

Finally, the Court turns to Count IV. Count IV claims that Defendants violated Florida's insurance code by refusing to fully compensate for nonemergency services it provided to D.B. (Doc. 1, ¶¶ 61–69.) Again, the pleadings show these allegations are intrinsically tied to the Plan. SCV alleges the services are "covered services pursuant to Section 627.64194 of the Florida Statutes." (*Id.* ¶ 62.) But § 627.64194(3) says an insurer is liable for covered nonemergency services "provided to an insured in accordance with the coverage *terms of the health insurance policy*." Fla. Stat. § 627.64194(3) (emphasis added).

---

[9] *See also Nat'l Renal*, 598 F. Supp. 2d at 1359–61; *Alcalde*, 62 F. Supp. 3d at 1365; *In re Manage Care Litig.*, 595 F. Supp. 2d at 1356–57.

SCV alleges Defendants violated subsections (4) and (5) of the statute—but both those sections rely on determining coverage in subsection (3). *See* Fla. Stat. §§ 627.64194(4), (5); (Doc. 1, ¶¶ 65–66). Since this claim would require the Court to determine coverage "in accordance with the . . . terms of the [ERISA Plan]," this claim is preempted. Fla. Stat. § 627.64194(3); *see also Alcade*, 62 F. Supp. at 1365. And because the statute, by its very terms, would require the Court to analyze Plan coverage, the Court will dismiss Count IV with prejudice.

### IV.   CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss the Complaint (Doc. 16) is **GRANTED IN PART AND DENIED IN PART:**

   a. Counts I through III of the Complaint (Doc. 1, ¶¶ 36–60) are **DISMISSED WITHOUT PREJUDICE**;

   b. Count IV of the Complaint (Doc. 1, ¶¶ 61–69) is **DISMISSED WITH PREJUDICE**;

   c. In all other respects, the Motion is **DENIED.**

2. By Tuesday, **August 4, 2020**, Plaintiff Surgery Center of Viera, LLC may file an amended complaint in keeping with the dictates of this Order. Failure to do so will result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2020.


ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record